UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:19-CV-112-JHM

**CHARLES WEEDMAN, JR.**                                                       **PLAINTIFF**

v.

**TWIN LAKES REGIONAL
MEDICAL CENTER** *et al.*                                                **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiff Charles Weedman, Jr., filed this *pro se* action on the Court's form for filing a civil case (DN 1). He also filed an application to proceed without the prepayment of fees (application) (DN 2). A review of those filings reveals that the complaint is signed by "Charles Weedman Jr. P.O.A. Laura Weedman" and that the application is signed by "Charles Weedman POA Laura Weedman." In addition, attached to the application is a power-of-attorney document signed by Charles Weedman, Jr., indicating that he appointed Laura Weedman as his power of attorney.

Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). This means that an unrepresented party must personally sign every pleading, motion, or other paper filed with the Court. Further, 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." The statute "'does not allow for unlicensed laymen to represent anyone else other than themselves.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (citation omitted).

There is no exception in these rules for the use of a power of attorney. "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Therefore, any authority that Laura Weedman may have as power of attorney for Charles Weedman, Jr., does not authorize her to practice law by representing Charles Weedman, Jr., in a lawsuit; this can only be done by a licensed attorney. *See Laurie v. Maxwell*, No. CV-08-004-BLG-RFC, 2008 WL 894408, at *1-2 (D. Mont. Apr. 1, 2008) (finding that non-party who signed a motion with "power of attorney" was not licensed to practice law and could not file actions, sign pleadings for, or act on behalf of the plaintiff, even with a power of attorney); *Kapp v. Booker*, No. 05-402-JMH, 2006 WL 385306, at *2-3 (E.D. Ky. Feb. 16, 2006) ("While the power of attorney gives Ms. Kapp legal standing to assert claims owned by her husband on his behalf, it does not authorize her to practice law by representing another person, her husband, in a lawsuit[.])"; *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney cannot be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney).

It appears that Charles Weedman, Jr., did not sign the complaint or the application to proceed without prepayment of fees, and the signature on these filings of his power of attorney, a non-lawyer, is not permitted.

Accordingly, if Charles Weedman, Jr., wishes to proceed as a Plaintiff in this action, **IT IS ORDERED** that he must sign the complaint and re-file it within **30 days** of entry of this Order. The **Clerk of Court is directed** to send Charles Weedman, Jr., a copy of page 6 of the form complaint (DN 1, PageID #: 7) for his signature should he choose to do so.

If Charles Weedman, Jr., wishes to proceed as a Plaintiff in this action, he must file an application to proceed without the prepayment of fees on his own behalf.  **IT IS THEREFORE ORDERED** that the pending application to proceed without prepayment of fees (DN 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Charles Weedman, Jr., shall file an application to proceed without prepayment of fees within **30 days** from entry of this Order.  The **Clerk of Court is directed** to send Charles Weedman, Jr., a non-prisoner application to proceed without prepayment of fees and affidavit form with the instant civil action number affixed to it.

**Charles Weedman, Jr., is WARNED that failure to comply with this Order in all respects will result in the dismissal of this action.**

Date: November 5, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff Charles Weedman, Jr., *pro se*
Laura Weedman
4414.005