UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHARLES WEEDMAN, JR.                                         PLAINTIFF

v.                                     CIVIL ACTION NO. 4:19-CV-112-JHM

TWIN LAKES REG'L MED. CTR. *et al.*                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Charles Weedman, Jr.'s *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the Court will dismiss the action.

## I.

Plaintiff filed his complaint on a Court-approved civil complaint form against Twin Lakes Regional Medical Center and Dr. Carla Rivera, an emergency room physician.  In the section of the form asking for specific federal laws at issue, Plaintiff writes, "HIPPA Law Twin Lakes Regional Medical Center gave Charles Weedman records without consent."

As his statement of claims, Plaintiff alleges:

On 8/12/19 Charles Weedman, Jr. was committed to the Twin Lakes Medical Center Emergency Room to seek Medical Attention which he needed physical and mental help.  Mr. Weedman was also experiencing head injury from concussion from hitting his head constantly against window ceil edge and Door facing passing and blacking out. . . . Mr. Weedman had been trying to kill himself which they was informed and had been for over a week constantly.  They was also informed that Mr. Weedman was asking for mental help.  He did not want to die.  Mr. Weedman and his wife . . .  thought the whole time that the Medical Staff was getting Mr. Weedman ready to go to the Medical Center in Bowling Green, KY on the 6th Floor.  Instead they had officers come in an take Mr. Weedman straight to jail after officers physially hurt Mr. Weedman and The Emergency Room Doctor saw Mr. Weedman getting hurt and did nothing.  They also let officers take Mr. Weedman out of the Emergency Room in his boxers and his penis hanging out and never did anything.  Also breaking HIPPA Law.

As relief, Plaintiff asks that "the Emergency Dr losses job and hospital pays compensation and for breaking my privacy.  $50,000.00"

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

2

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff alleges a violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. §§ 1320a *et seq*, because his records were shared without his consent. The Sixth Circuit has stated that "although we have not held explicitly that there is no private right of action under HIPAA, express or implied, other circuits have so held." *Thomas v. Univ. of Tenn. Health Sci. Ctr. at Memphis*, No. 17-5708, 2017 WL 9672523, at *2 (6th Cir. Dec. 6, 2017) (citations omitted). In *Thomas*, the Sixth Circuit upheld a dismissal for failure to state a claim and determined that "[i]f [the plaintiff] believes that her HIPAA rights were violated, the proper avenue for redress is to file a complaint with the [Department of Health and Human Services]." *Id.* (citing 45 C.F.R. § 160.306). In light of this jurisprudence, the Court will dismiss the HIPAA claim.

To the extent Plaintiff may also be alleging that the Defendant emergency room physician failed to properly treat him and did nothing when "officers physically hurt" him, he

fails to assert a federal cause of action under which such claims can be raised.  To the extent he may be asserting state-law claims against that Defendant, the Court declines to exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c)(3), because the Court has dismissed all claims over which it has original jurisdiction.  Further, there is no diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff fails to indicate that he and each Defendants are citizens of different States.  *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) ("'[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'") (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*).

For these reasons, the Court will dismiss the action by separate Order.

Date: May 8, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4414.005

4